UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LYDIA BRYANT BEY,**

      **Plaintiff,**

v.                                            **Case No: 6:23-cv-539-PGB-EJK**

**THE HOUSING AUTHORITY OF THE CITY OF WINTER PARK, LASHANDA LOVETTE, LANESHIA CHURCH, YESENIA GARCIA, CHRISTINE OSTENDOF, PATRICK BRACKINS, EVELLEN JEWETT, DAVID JOHNSON, RICARDO GILMORE, ESQ., WAYNE COOPER, AMBER TORRES, BELFOR (USA) GROUP, INC., and WAYNE COOPER,**

      **Defendants.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on the following:

1. Defendants Belfor (Orlando) and Wayne Cooper's Motion to Dismiss Amended Complaint (Doc. 69), filed July 13, 2023;

2. Defendants Judge Johnson and Judge Jewett's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 70), filed July 17, 2023;

3. Defendant Patrick Brackins, Esq.'s Motion to Dismiss Plaintiff's Amended Complaint and Remand, or in the Alternative, Motion for More Definite Statement (Doc. 71), filed July 17, 2023; and

    4. Defendants, The Housing Authority of the City of Winter Park, Central Florida Management & Development Group, Inc., LaShanda Lovette, and Laneshia Church's Motion to Dismiss (Doc. 72), filed July 24, 2023.

Therein, Defendants seek dismissal[1] of the Amended Complaint (Doc. 68) with prejudice. The undersigned construes *pro se* Plaintiff's Affidavit (Doc. 73) as her response in opposition to the aforementioned motions.

## I. BACKGROUND[2]

*Pro se* Plaintiff, Lydia Bryant Bey, filed a Complaint in this Court on March 23, 2023. (Docs. 1, 7.) Although nominally titled a "Notice of Removal," Plaintiff's Complaint sought damages against a multitude of defendants, including attorneys, judges, and the Housing Authority of the City of Winter Park. (*Id.*) Plaintiff invoked the Court's federal question jurisdiction, but upon review, the undersigned issued a Report & Recommendation finding that jurisdiction was not present as the Complaint was then pleaded. (Doc. 8.) The presiding district judge agreed, adopted the R&R over Plaintiff's objections, and allowed Plaintiff to replead. (Doc. 66.)

Plaintiff has now filed an Amended Complaint (Doc. 68) against the following Defendants: (1) The Housing Authority of the City of Winter Park ("WPHA"); (2) Judge Evellen Jewett; (3) Attorney Patrick Brackins; (4) Judge David Johnson; (5)

---

[1] Defendants Garcia, Gilmore, Ostendof, and Torres have not responded to the Amended Complaint. From a review of the docket, it does not appear that Plaintiff has filed a return of service for Garcia, Gilmore, or Ostendof.

[2] The facts are derived from the Amended Complaint (Doc. 68), the well-pleaded allegations of which the Court must accept as true in ruling on the Motions to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

LaShanda Lovette; (6) Laneshia Church; (7) Yesenia Garcia; (8) Ricardo Gilmore; (9) Christine Ostendof; (10) Amber Torres; (11) Wayne Cooper, acting General Manager for Belfor USA Group, Inc ("Belfor"); and (12) Belfor.[3] (*Id.* ¶¶ 11–21.) Plaintiff asserts seven causes of action, which she describes as follows:

    a. Count One: International Covenant on Civil and Political Rights;

    b. Count Two: 42 U.S.C. § 1983 claim 4th amendment; Identity Theft;

    c. Count Three: Abuse of Process;

    d. Count Four: 15 U.S. Code § 1692d Harassment or abuse;

    e. Count Five: 18 U.S. Code § 1001 Statements or entries generally;

    f. Count Six: 18 U.S. Code § 241 Conspiracy against rights; and

    g. Count Seven: 18. U.S. Code § 242 Deprivation of rights under color of law.

(*Id.* ¶¶ 68–89.) Each of these claims is asserted against *all* Defendants.

Plaintiff alleges that she had lawful possession of a property pursuant to a lease agreement. (*Id.* ¶ 22.) In January 2023, Plaintiff and her family were unlawfully evicted by WPHA. (*Id.* ¶¶ 22, 25, 26.) Plaintiff alleges that WHPA and its agents made false claims that Belfor was denied entry into the home for mold remediation. (*Id.* ¶ 26.) Brackins, an attorney acting on behalf of WPHA, did not conduct a diligent pre-litigation investigation before he filed a claim of eviction against Plaintiff, and

---

[3] Plaintiff does not separately list Belfor USA Group, Inc. as a party to this lawsuit. (*See* Doc. 68 ¶ 21.) However, she does include allegations against Belfor in her recitation of the facts. Thus, in liberally construing the pleadings, the undersigned will assume for purposes of this Report & Recommendation that Plaintiff intends to include Belfor as a party.

moreover, acted without authority from the board of directors of WPHA. (*Id.* ¶¶ 13, 27–30.) Thereafter, Judge Jewett made rulings against Plaintiff, including allowing hearsay and striking Plaintiff's response in the underlying state court case. (*Id.* ¶¶ 31–34.) Judge Jewett ultimately recused herself from that case. (*Id.* ¶ 33.)

Cooper and other agents at Belfor ignored Plaintiff regarding a mold remediation issue at the property. (*Id.* ¶¶ 26, 35, 38, 39.) Lovette, Church, and Gilmore, agents of WPHA, were aware of these "violations" of harassment, but did nothing. (*Id.* ¶¶ 36, 37.) Garcia, Ostendof, and Torres similarly "helped in the harassment via email, and letters posted on [the] front door." (*Id.* ¶ 40.)

Across the four motions to dismiss, Defendants move for dismissal on a variety of grounds pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (Docs. 69, 70, 71, 72.)

## II.  STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack necessitates accepting the allegations in the complaint as true and assessing whether plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.* Factual attacks, on the other hand, allow the court to go beyond the pleadings and consider testimony and affidavits to determine whether

subject matter jurisdiction exists "irrespective of the pleadings." *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions are also insufficient. *Id.*

A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). District courts apply a "less stringent standard" to pleadings submitted by a *pro se* plaintiff, but a complaint must still meet minimal pleading standards. *See Eidson*, 910 F. Supp. at 612 (M.D. Fla. 1995).

### III. DISCUSSION

Defendants move to dismiss the Amended Complaint on a multitude of theories, including failure to state a claim, absolute immunity, lack of subject matter jurisdiction, lack of standing, *Younger*, *Rooker-Feldman*, and that the Amended Complaint is a shotgun pleading. (Docs. 69, 70, 71, 72). First, the undersigned examines absolute judicial immunity against Judge Jewett and Judge Johnson. Next, the undersigned examines Defendants' argument that Plaintiff's Amended Complaint is a shotgun pleading. Finally, the undersigned evaluates whether Plaintiff should be allowed an opportunity to amend.

#### A. Absolute Judicial Immunity

Plaintiff's claim for relief against Defendants Judge Jewett and Judge Johnson are barred by absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Accordingly, judicial immunity still operates to bar claims even where there are allegations of bad faith or malice. *Id.* "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of

constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070. Further, as the Eleventh Circuit has clarified, a court does not review whether the judicial act was *appropriate*, only whether the act was, in fact, a judicial activity. *Id.* at 1071. "If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 12–13 (internal quotation marks omitted).

  Here, it is apparent based on the allegations that Plaintiff has included in her Amended Complaint that she seeks redress for the effects of orders issued by Judge Jewett stemming entirely from the underlying state court proceeding. (Doc. 68 ¶¶ 31–34.) Each of the complained of acts were part of normal judicial functions and occurred in open court during the underlying state court proceeding pending before her. Therefore, Judge Jewett did not act in the "clear absence of all jurisdiction" and she is entitled to absolute judicial immunity. *Bolin*, 225 F.3d at 1239. Similarly, as to Judge Johnson, Plaintiff does not allege any actions taken by him, other than to state he was acting as a judge. (Doc. 68 ¶ 14.) This is enough to bar Plaintiff's claims against him as well.

  Courts have dismissed cases under similar circumstances when a plaintiff seeks redress against a judicial officer for orders entered against him. *See, e.g., Sharp v. City of Huntsville, AL.*, 730 Fed. App'x 858, 860 (11th Cir. 2018) (unpublished) (holding that

judge was entitled to absolute judicial immunity in denying a request for jury trial and making statements about evidence and witness credibility in open court); *see also Wilson v. Bush*, 196 Fed. App'x 796, 799 (11th Cir. 2006) (unpublished) ("Entering a judgment or order is a quintessential judicial function and immunity attaches to it."). Therefore, I respectfully recommend that Plaintiff's claims against Judge Jewett and Judge Johnson be dismissed with prejudice.

### B. Shotgun Pleading

Defendants are correct in their argument that Plaintiff's Amended Complaint is an improper shotgun pleading that must be repleaded. There are four basic categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F. 3d 1313, 1321–1323 (11th Cir. 2015).

Plaintiff's Amended Complaint falls under the last category of shotgun pleadings. For each of Plaintiff's asserted causes of action, she continuously lumps the actions of "Defendants" together, making it impossible to discern each Defendant's role for each individual claim. (*See* Doc. 68.) The Eleventh Circuit has held that a district court, *sua sponte*, should strike a shotgun pleading and instruct the plaintiff to replead his case. *Cramer v. State of Fla.* 117 F.3d 1258, 1263 (11th Cir. 1997). As such,

the undersigned respectfully recommends that the Amended Complaint be dismissed on this basis. *See Coker v. Warren*, No. 3:22-cv-518-J-MMH-LLL, 2022 WL 1540393, at *2 (M.D. Fla. May 16, 2022) ("When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible . . ."). If Plaintiff is allowed to replead and chooses to do so, she should fully and completely explain *each Defendant's role* as it relates to *each cause of action*.

Because Plaintiff's Amended Complaint is a shotgun pleading that must be repleaded in order to give Defendants adequate notice of the claims asserted against them and for the Court to fairly evaluate the nature of those claims, the undersigned will not address the remaining arguments at this time, without prejudice to allow Defendants to re-assert them again if necessary.

### C. Leave to Amend

Leave to amend is generally freely given, but a district court may deny leave to amend where amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Amendment is futile, for example, where "the amended complaint would not survive a motion to dismiss." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011). In general, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam).

The Eleventh Circuit favors allowing *pro se* litigants ample opportunity to correct pleading defects. *See Doscher v. Holding*, No. 22-13184, slip op. at 7 (Sept. 18, 2023) (unpublished) (stating that, when a court dismisses a complaint on shotgun pleading grounds, "the district court must allow the litigant at least one chance to remedy the deficiency before dismissing the case with prejudice."). Because this is Plaintiff's first dismissal on shotgun pleading grounds, I respectfully recommend that the Court permit Plaintiff an additional opportunity to amend within a timeframe established by the Court. I further recommend that the Court order the forgoing without prejudice to the remaining arguments Defendants made in their respective Motions that the undersigned does not reach at this time.

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Defendants Judge Johnson and Judge Jewett's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 70) and **DISMISS WITH PREJUDICE** the claims in the Amended Complaint asserted against Defendants Judge Johnson and Judge Jewett.

2. **GRANT IN PART and DENY IN PART** Defendants Belfor (Orlando) and Wayne Cooper's Motion to Dismiss Amended Complaint (Doc. 69); Defendant, Patrick Brackins, Esq.'s, Motion to Dismiss Plaintiff's Amended Complaint and Remand, or in the Alternative, Motion for More Definite

Statement (Doc. 71); and Defendants, The Housing Authority of the City of Winter Park, Central Florida Management & Development Group, Inc., LaShanda Lovette, and Laneshia Church's Motion to Dismiss (Doc. 72) as follows:

   a. **GRANT** the Motions to the extent that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** because it is a shotgun pleading.

   b. **DENY** the Motions in all other respects.

3. **ALLOW** Plaintiff to file a Second Amended Complaint, in a timeframe established by the presiding District Court judge, to correct the deficiencies identified herein, provided she can do so in good faith and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

4. **CAUTION** Plaintiff that failure to timely file a Second Amended Complaint within the time provided may result in the Court closing the file without further notice.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 13, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE