UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LYDIA BRYANT BEY,**

        **Plaintiff,**

v.                              Case No: 6:23-cv-539-PGB-EJK

**THE HOUSING AUTHORITY OF
THE CITY OF WINTER PARK,
LASHANDA LOVETTE,
LANESHIA CHURCH, YESENIA
GARCIA, CHRISTINE
OSTENDOF, PATRICK
BRACKINS, EVELLEN JEWETT,
DAVID JOHNSON, RICARDO
GILMORE, ESQ., AMBER
TORRES, BELFOR (USA)
GROUP, INC. and WAYNE
COOPER,**

        **Defendants.**
_____/

## **ORDER**

This cause is before the Court on the following:

1. Defendants Belfor (Orlando) and Wayne Cooper's Motion to Dismiss (Doc. 69 (the "**Belfor Defendants' Motion**"));

2. Defendant Patrick Brackins, Esq.'s Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 71 ("**Defendant Brackins' Motion**"));

3. Defendants The Housing Authority of Winter Park, Lashanda Lovette, and Laneshia Church's Motion to Dismiss (Doc. 72 (the "**WPHA Defendants' Motion**"));[1, 2]

4. Defendants Judge David Johnson and Judge Evellen Jewett's ("**Judges Johnson and Jewett**") Motion to Dismiss (Doc. 70 (the "**Judicial Defendants' Motion**")); and

5. Plaintiff Lydia Bryant Bey's ("**Plaintiff**") Affidavit Concerning this Case (Doc. 73 ("**Plaintiff's Affidavit**")).[3]

Magistrate Judge Embry J. Kidd submitted a Report (Doc. 79 (the "**Report**")) recommending that the Court grant the Judicial Defendants' Motion and dismiss the claims brought against Judges Johnson and Jewett in Plaintiff's Amended Complaint (Doc. 68 (the "**Complaint**")) with prejudice. (*E.g.*, Doc. 79, p. 10). Magistrate Judge Kidd also recommended that the Court grant in part and deny in part the Non-Judicial Defendants' Motions without prejudice and with the Court's

---

[1] Although former Defendant Central Florida Management & Development Group, Inc. is also listed as a movant in the WPHA Defendants' Motion, this entity does not appear to be expressly referenced in the Amended Complaint. (Doc. 68). As such, Defendant Central Florida Management & Development Group, Inc. is not referenced in this Order.

[2] Collectively, the aforementioned three motions will be referred to as the Non-Judicial Defendants' Motions. (Docs. 69, 71, 72).

[3] The Court notes that "pro se pleadings are liberally construed" and courts "look beyond the label of the pleadings to determine whether they are properly characterized." *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021); *see, e.g.*, *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Accordingly, the Court construes Plaintiff's Affidavit (Doc. 73) as Plaintiff's Response in Opposition to the pending motions to dismiss.

2

leave to file an amended pleading containing the relevant claims. (*E.g.*, *id.* at pp. 10–11).

In response to the Report, Plaintiff, appearing *pro se* in this matter, filed an "Object[ion] to Recommendation and Motion to Disqualify" (Doc. 83 (the "**Objection**")). Although framed as a combined objection to the Report and request to disqualify Magistrate Judge Kidd, it appears to the Court that the principal ground underlying Plaintiff's Objection to the Report is Plaintiff's argument that Magistrate Judge Kidd should be disqualified from presiding over the instant case due to his alleged bias and conflicts of interest. (*See generally id.*).

A party may serve written objections to the magistrate judge's findings and recommendations and "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(3); *see also* 28 U.S.C. § 636(b)(1). However, in order to be proper, such objections must be "specific." FED. R. CIV. P. 72(2); *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (emphasizing that "a party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with.") (citation omitted).[4] Accordingly, "[f]rivolous, conclusive, or

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

general objections need not be considered by the district court."[5] *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

In her purported Objection, Plaintiff does not identify any specific findings in the Report that Plaintiff disagrees with. (*See* Doc. 83). Instead, Plaintiff raises general objections that primarily concern Magistrate Judge Kidd's ability to be fair and impartial in the case at large. (*See id.*). Consequently, Plaintiff has not raised a proper objection to the Report.[6] *See* FED. R. CIV. P. 72(2); *Leatherwood*, 384 F. App'x at 857; *Schultz*, 565 F.3d at 1361.

However, even assuming Plaintiff's Objection was proper, upon an independent *de novo* review of the record, the Court agrees with the analysis and conclusions set forth in the Report. More specifically, the Court agrees with Magistrate Judge Kidd's finding that Plaintiff's attempted claims against Judges Johnson and Jewett are barred by judicial immunity. (*See* Doc. 79, pp. 6–8); *Sibley v. Lando*, 437 F.3d 1067, 1070–72 (11th Cir. 2005) (per curiam). The Court also agrees with Magistrate Judge Kidd's assessment that because the Complaint fails to tie Plaintiff's various claims to the individual named Defendants, the Complaint

---

[5] Although *pro se* pleadings are liberally construed, courts are not required to "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

[6] The Court additionally notes that it has already considered and denied Plaintiff's previous Motion to Disqualify Magistrate Judge Kidd, wherein Plaintiff cited many of the same alleged grounds for disqualification that she sets forth in her Objection. (*See* Docs. 57, 65, 83). However, although the Court finds that Plaintiff has not raised a proper objection to the Report, the Court will not rule on Plaintiff's renewed request that Magistrate Judge Kidd be disqualified from the case at this time. This request will be addressed at a later date, assuming Plaintiff files a second amended complaint that meets the requirements of this Order.

4

is a shotgun pleading. (*See* Doc. 68; Doc. 79, pp. 8–9); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F. 3d 1313, 1323 (11th Cir. 2015). However, this defect can be cured if Plaintiff clearly ties her allegations to each of the individual named Defendants. As such, the Court grants Plaintiff leave to file an amended complaint as to these claims.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed October 13, 2023 (Doc. 79) is **ADOPTED** and **CONFIRMED** and made a part of this Order;

2. Defendants Judge Johnson and Judge Jewett's Motion to Dismiss (Doc. 70) is **GRANTED** and Plaintiff's claims against Judges Johnson and Jewett are **DISMISSED WITH PREJUDICE**;

3. The Defendants Belfor (Orlando) and Wayne Cooper's Motion to Dismiss (Doc. 69); Defendant Patrick Brackins, Esq.'s Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 71); and Defendants The Housing Authority of Winter Park, Lashanda Lovette, and Laneshia Church's Motion to Dismiss (Doc. 72) are **GRANTED IN PART** and **DENIED IN PART**.

    a. Plaintiff's claims against these Defendants are **DISMISSED WITHOUT PREJUDICE** on the ground that the Complaint represents a shotgun pleading.

    b. These Defendants' Motions are **DENIED** in all other respects.

4. On or before December 29, 2023, Plaintiff may file a second amended complaint correcting the deficiencies outlined herein, provided Plaintiff does so in good faith and in compliance with Federal Rule of Civil Procedure 11.

5. Plaintiff is cautioned that failure to file a second amended complaint by the aforementioned deadline may result in the Court dismissing the case and closing the file without further notice.

**DONE AND ORDERED** in Orlando, Florida on December 12, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties